UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARK EILAND,**

            **Plaintiff,**

**v.**                                          **Case No:   6:13-cv-1237-Orl-40GJK**

**U.S. WALLS, LLC and BENDER**
**CONSTRUCTION COMPANY, LLC,**

            **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 50)**
>
> **FILED:**      **December 23, 2014**
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

### I.   BACKGROUND.

Plaintiff instituted this action on July 26, 2013.  Doc. No. 1.  On October 21, 2013, Plaintiff filed an amended complaint (the "Complaint") against U.S. Walls, LLC ("Defendant") alleging violations of the minimum wage (Count I) and overtime (Count II) provisions of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 206, 207.  Doc. No. 1 at 4-6.[1]

---

[1] On October 15, 2013, Plaintiff filed a Notice of Voluntary Dismissal, indicating that he was dismissing his claims against Bender Construction Company, LLC. ("Bender"), without prejudice.  Doc. No. 19.  On October 16, 2013, the Court entered an order approving Bender's voluntary dismissal, and directed the Clerk to terminate Bender as a party to this case.  Doc. No. 20.

On November 25, 2014, Plaintiff filed a Motion for Approval of Settlement Agreement, in which it requested the Court to "approve the attached settlement agreement as fair and reasonable" and "to administratively close the file subject to the right of any party to move the Court prior to July 1, 2015, for the purpose of entering a stipulated form of final order or judgment; or on good cause shown, to reopen the case for further proceedings." Doc. No. 45. On December 5, 2014, the Court entered an order denying Plaintiff's Motion for Approval of Settlement Agreement on the basis that it did not comply with Local Rules 3.01(a) and 3.01(g). Doc. No. 47. Accordingly, the Court ordered Plaintiff and/or the parties to "file a renewed motion to approve the settlement agreement on or before December 18, 2014, which complies with Local Rules 3.01(a) and 3.01(g)[,]" and, in the renewed motion, "address – with citation to authority – why the case should be administratively closed, as opposed to being dismissed with prejudice." *Id*. at 2 n.1, 3.

On December 23, 2014, the parties filed a Joint Motion for Approval of Settlement Agreement (the "Motion"). Doc. No. 50.[2] In it, the parties request that the Court approve their settlement agreement (the "Agreement") and "administratively close the file [and] order that [the] case be dismissed subject to the right of any party to move the Court prior to July 1, 2015, for the purpose of entering a stipulated form of final order or judgment; or on good cause shown, to reopen the case for further proceedings." *Id*. at 3-4.

**II.    LAW.**

In *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final

---

[2] On December 22, 2014, the Court issued an order to show cause against Plaintiff to show cause why the case should not be dismissed for failure to comply to the Court's December 5, 2014 order, requiring the renewed motion for approval of the settlement agreement to be filed by December 18, 2014. Doc. No. 48. On December 23, 2014, Plaintiff filed a response to the order to show cause. Doc. No. 49. That same day, the Court, having reviewed Plaintiff's response to the order to show cause, entered an order discharging the order to show cause. Doc. No. 51.

and enforceable:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id*.; *see also Sammons v. Sonic-North Cadillac, Inc.*, Case No. 6:07-cv-277-Orl-19DAB, 2007 WL 2298032, at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Foods* because it lacked Court approval or supervision by the Secretary of Labor). Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Store*, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id*. at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

1. the existence of collusion behind the settlement;
2. the complexity, expense, and likely duration of the litigation;
3. the stage of the proceedings and the amount of discovery completed;
4. the probability of plaintiff's success on the merits;
5. the range of possible recovery; and
6. the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, Case No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007) *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[3]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net[.]")). In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D. Fla. 2008).

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Id*. at 351-52.[4]  In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise.  *Id*.  When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[5]  Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[6]  It is the Court's responsibility to ensure that any such allocation is reasonable.  *See Silva*, 307 F. App'x at 351-52.  In doing so, the Court uses the lodestar method for guidance.  *See Comstock v. Fla. Metal Recycling, LLC*, 2009 WL 1586604, at *2 (S.D. Fla. June 5, 2009).  As the Court interprets the *Lynn's Foods* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide.  In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

An alternate means of demonstrating the reasonableness of attorney fees and costs was set forth in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009).  In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and

---

[4] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11th Cir. R. 36-2.

[5] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his or her counsel.  Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[6] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

> adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Bonetti*, 715 F. Supp. 2d at 1228 (emphasis added). Judge Presnell maintained that if the matter of attorney fees "[is] addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id*. The undersigned finds this reasoning persuasive.

### III.   ANALYSIS.

#### A. Settlement Amount.

This case involves disputed issues of coverage and liability under the FLSA, which constitutes a bona fide dispute. Doc. Nos. 24; 26; 50 at 2-3; 50-1 at 2. The parties are represented by independent counsel who are obligated to vigorously represent their clients. Doc. Nos. 24; 26; 50 at 2. Initially, Plaintiff requested $26,277.76 in unpaid overtime wages. Doc. Nos. 25 at 3; 50 at 2-3.[7] The Agreement reveals that the parties settled this case "in order to avoid the time, expense and uncertainty of litigation[.]" Doc. No. 50-1 at 2. Under the Agreement, Plaintiff, in exchange for a general release, has agreed to accept a total settlement amount of $12,000.00, which represents $8,000.00 in unpaid overtime wages and $4,000.00 in attorneys' fees and costs. Doc.

---

[7] Though Plaintiff asserted a claim for unpaid minimum wages, he appears to have abandoned that claim. He does not assert any damages for unpaid minimum wages in his answers to the Court's Interrogatories (Doc. No. 25 at 3), and the Motion only refers to unpaid overtime wages (Doc. No. 50 at 2-3).

Nos. 50 at 3; 50-1 at 2-3.[8]  Upon review, it is **RECOMMENDED** that the Court find Plaintiff's compromise and the total settlement amount to be reasonable.

### B. Attorneys' Fees and Costs.

Under the Agreement, Plaintiff's counsel will receive a total of $4,000.00 in attorneys' fees and costs. Doc. Nos. 50 at 3; 50-1 at 2-3.  The parties represent that "attorneys' fees and costs was negotiated separately . . . and without regard to the amount paid to the Plaintiff." Doc. No. 50 at 3.  The settlement is reasonable on its face, and the parties' representation adequately establishes that the issue of attorneys' fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228.  Accordingly, pursuant to *Bonetti*, it is **RECOMMENDED** that the Court find the Agreement to be a fair and reasonable settlement of Plaintiff's FLSA claim.

### C. Request to Administratively Close the Case.

The parties request the Court "administratively close the file [and] order that [the] case be dismissed subject to the right of any party to move the Court prior to July 1, 2015, for the purpose of entering a stipulated form of final order or judgment; or on good cause shown, to reopen the case for further proceedings." Doc. No. 50 at 3-4.  Plaintiff made a similar request in his Motion

---

[8] Neither the Motion nor the Agreement expressly address liquidated damages. *See* Doc. Nos. 50; 50-1. The Motion, though, states that the parties "negotiated a global settlement amount of $12,000[.00]," and the Agreement states that the settlement amount is "full payment for all hours worked for [Defendant] and . . . full payment for any additional damages or remedies for which [Plaintiff] may collect[.]" Doc. Nos. 50 at 3; 50-1 at 3.  While these statements suggest that the settlement amount includes liquidated damages, it nevertheless remains unclear whether the settlement amount in fact includes liquidated damages.  Generally, "[a] plaintiff cannot waive her right to liquidated damages in a FLSA settlement when there is no genuine dispute about whether she is entitled to them." *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945)).  Here, the parties represent that Defendant disputes whether there has been a violation of the FLSA, and thus whether Plaintiff is entitled to liquidated damages.  Doc. No. 50 at 3.  Accordingly, to the extent the settlement amount does not include liquidated damages, Plaintiff's decision not to pursue liquidated damages does not render the Agreement unfair or unreasonable.  *See Patterson v. Acad. Fire Prot., Inc.*, Case No. 3:13-cv-87-J-34JBT, 2014 WL 169812, at *6 (M.D. Fla. Jan. 8, 2014) (finding FLSA settlement agreement fair and reasonable where plaintiff did not receive liquidated damages under the agreement because there was a genuine dispute as to whether plaintiff was entitled to such damages).

for Approval of Settlement Agreement (Doc. No. 45 at 2), which the Court denied indicating that the renewed motion must "address – with citation to authority – why the case should be administratively closed, as opposed to being dismissed with prejudice" (Doc. No. 47 at n.1). The Motion contains no such discussion. *See* Doc. No. 50. Instead, the parties cite Local Rule 3.08(b), which provides:

> When notified that a case has been settled and for purposes of administratively closing the file, the Court may order that a case be dismissed subject to the right of any party to move the Court within sixty (60) days thereafter (or within such other period of time as the Court may specify) for the purpose of entering a stipulated form of final order or judgment; or, on good cause shown, to reopen the case for further proceedings.

*Id*. Notwithstanding Local Rule 3.08(b), the parties have not explained why the Court should administratively close the case for nearly six (6) months. *See* Doc. No. 50. It appears the parties want the case administratively closed until July 1, 2015, because that follows the date of the last scheduled payment under the Agreement – June 1, 2015. Doc. No. 50-1 at 3.[9] Thus, the parties essentially are requesting the Court retain jurisdiction over the case in the event a dispute arises concerning remittance of the final scheduled payment. Courts in this District, however, routinely deny requests to retain jurisdiction to oversee and enforce payment plans set forth in a FLSA settlement agreement. *E.g.*, *Correa v. Goldblatt*, Case No. 6:10-cv-1656-Orl-28DAB, 2011 WL 4596224 (M.D. Fla. Sept. 9, 2011); *Smither v. Dolphin Pools of SW Fla., Inc*. Case No. 2:11-cv-65-FtM-29DNF, 2011 WL 2565494 (M.D. Fla. June 9, 2011). Given the absence of any compelling reason(s) to administratively close the case, it is **RECOMMENDED** that the Court deny the parties' request to administratively close the case, and, instead, dismiss the case with prejudice.

---

[9] The dates for all other scheduled payments under the Agreement have passed. Doc. No. 50-1 at 2-3.

## IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 50) be **GRANTED** only to the extent that the Court finds the parties' settlement is fair and reasonable;

2. Otherwise, the Motion be **DENIED**;

3. The Court enter an order dismissing the case with prejudice; and

4. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

Recommended in Orlando, Florida on January 16, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy